# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re*: S.H. and B.S.

**FILED**

**May 23, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

No. 15-1116 (Calhoun County 15-JA-8 & 15-JA-9)

## MEMORANDUM DECISION

Petitioner Mother B.H., by counsel Ryan M. Ruth, appeals the Circuit Court of Calhoun County's November 11, 2015, order terminating her parental rights to S.H. & B.S. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), Erica Brannon Gunn, filed a response on behalf of the children also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating her parental rights without employing less restrictive dispositional alternatives.[1]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In January of 2015, the DHHR filed an abuse and neglect petition alleging that petitioner abused S.H. and B.S. by engaging in domestic violence in their presence and exposing them to inappropriate and harmful individuals.[2] The DHHR also alleged that petitioner abused drugs and her drug abuse negatively affected her ability to parent S.H. and B.S.

In March of 2015, the circuit court held an adjudicatory hearing wherein petitioner stipulated to the allegations in the petition. Petitioner also admitted to failing to comply with the safety plan implemented by the DHHR prior to the petition's filing. The circuit court accepted her stipulation and adjudicated petitioner as an abusing parent. Petitioner was ordered to

---

[1]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

[2]It is not clear from the record to whom petitioner exposed the children, or why those individuals were inappropriate.

participate in parenting classes and random drug screening. The circuit court granted petitioner's motion for a post-adjudicatory improvement period.

In June of 2015, the DHHR filed a motion to terminate petitioner's improvement period based on the allegations that she failed to participate in or comply with the terms and conditions of her improvement period. The DHHR also provided notice of its intent to seek the termination of petitioner's parental rights to S.H. and B.S. At the hearing held in July of 2015, the DHHR provided testimony regarding petitioner's failure to comply with the terms and conditions of her post-adjudicatory improvement period. The DHHR's caseworker testified that petitioner continued to abuse drugs, failed to participate in the drug screening process, and continually tested positive for illegal drugs. According to the testimony, the DHHR arranged petitioner's substance abuse evaluation and provided her with options for both inpatient and outpatient drug abuse treatment, but petitioner failed to submit to the substance abuse evaluation, refused treatment, and stated that she was not addicted to drugs. According to the caseworker, petitioner also failed to take advantage of mental health treatment and assistance with housing, food or employment. Petitioner also testified at the hearing and admitted to failing to comply with the terms and conditions of her post-adjudicatory improvement period. At the close of the hearing, the circuit court terminated petitioner's post-adjudicatory improvement period.

In September of 2015, the circuit court held a dispositional hearing. Petitioner requested an additional improvement period to correct her issues. Petitioner testified that she found housing and passed "some drug screens." At the close of the hearing, the circuit court found that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future because petitioner failed to complete her post-adjudicatory improvement period and denied abusing drugs, despite failing multiple drug tests. The circuit court determined that petitioner minimized her drug abuse and exhibited a "lack of commitment to make changes in her parenting." The circuit court further found that termination of petitioner's parental rights was in S.H. and B.S.'s best interests. The circuit court also found that petitioner did not make sufficient progress to warrant another improvement period and denied petitioner's motion. By order entered on November 11, 2015, the circuit court terminated petitioner's parental rights to S.H. and B.S. It is from this order petitioner now appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record

viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). On appeal, petitioner argues that the circuit court erred in terminating her parental rights because it failed to employ less restrictive dispositional alternatives. Specifically, petitioner contends that the circuit court erred in terminating her post-adjudicatory improvement period after approximately four months. Contrary to petitioner's argument, nothing in West Virginia Code § 49-4-610 requires an improvement period to last its full duration. In fact, West Virginia Code § 49-4-610(7) requires the termination of an improvement period "when the court finds that [a] [parent] has failed to fully participate in the terms of the improvement period." Additionally, we have long held that "[i]t is within the court's discretion to grant an improvement period . . . [and] it is also within the court's discretion to terminate the improvement period . . . if the court is not satisfied that the [parent] is making the necessary progress." Syl. Pt. 2, *In re Lacey P.*, 189 W.Va. 580, 433 S.E.2d 518 (1993).

In petitioner's case, she failed to fully participate in her post-adjudicatory improvement period. During the course of her post-adjudicatory improvement period, petitioner continued to abuse drugs, failed to regularly participate in the drug screening process, and tested positive for illegal drugs. Petitioner also failed to submit to a substance abuse evaluation, refused drug treatment, stated that she was not addicted to drugs, failed to take advantage of mental health treatment and assistance with housing, food or employment. Petitioner also admitted to failing to comply with most of the terms and conditions of her post-adjudicatory improvement period. Based upon the evidence before it, the circuit court found that petitioner did not fully participate in her post-adjudicatory improvement period and correctly terminated said improvement period.

Petitioner also argues that the circuit court erred in terminating her parental rights without employing less restrictive dispositional alternatives because the evidence did not prove that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future. Specifically, petitioner argues that she should have received an additional improvement period. In support, petitioner contends that she did progress during the post-adjudicatory improvement period, although that progress was "slow." There was little evidence on the record that petitioner attempted to ameliorate the circumstances which precipitated the petition's filing. Further, the progress was minimal as petitioner testified at the dispositional hearing that she found housing and passed "some drug screens." The record reveals, however, that petitioner had lived in her home for a month and participated in drug screening for only three weeks. West Virginia Code § 49-4-610 requires that a parent demonstrate, "by clear and convincing evidence, that [they are] likely to fully participate in the improvement period." Based upon the evidence before it, the circuit court found that petitioner failed to present evidence that she would meaningfully participate in another improvement period. Thus, the circuit court correctly denied her motion for an improvement period.

While petitioner contends that the circuit court erred in terminating her parental rights without employing less restrictive dispositions, the record is clear that there was no less restrictive disposition available in her case. Specifically, the circuit court found that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and

3

neglect in the near future. Pursuant to West Virginia Code § 49-4-604(c)(1), there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected when

> [t]he abusing parent or parents have habitually abused or are addicted to alcohol, controlled substances or drugs, to the extent that proper parenting skills have been seriously impaired and the person or persons have not responded to or followed through the recommended and appropriate treatment which could have improved the capacity for adequate parental functioning.

As such, petitioner's unwillingness to admit to her drug addiction or seek drug treatment, coupled with her continued drug use, provided the circuit court with sufficient grounds for its findings that the conditions of neglect or abuse could not be substantially corrected.

Moreover, the circuit court correctly terminated petitioner's parental rights upon its finding that there was no reasonable likelihood that she could substantially correct the conditions of abuse and neglect and that termination was in S.H. and B.S.'s best interests. In accordance with West Virginia Code § 49-4-604(b)(6), upon such a finding, circuit courts are directed to terminate a parent's parental rights. Therefore, considering the evidence before it, the circuit court correctly terminated petitioner's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its November 11, 2015, order is hereby affirmed.

Affirmed.

**ISSUED**: **May 23, 2016**

**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II